EASTMAN, BOVEE & CO. v. THE DIST. TOWNSHIP OF LYON.

1. **School District:** WARRANTS: ASSIGNMENT. School warrants issued without authority, or in excess of authority, are subject to a defense based upon that fact even in the hands of a *bona fide* assignee. Following *Clark v. The City of Des Moines*, 19 Iowa, 200.

2. ———: ———: ISSUED IN EXCESS. The issue of warrants in excess of the indebtedness to whose payment they are applied, is *prima facie* usurious.

3. ———: ———: ———. Recovery upon such warrants is limited to the amount of the debt and interest.

*Appeal from Lyon Circuit Court.*

MONDAY, APRIL 26.

ACTION upon certain warrants issued by the defendant upon its treasurer, and transferred by the payee thereof, Larchwood district township, to plaintiffs. The district township of Larchwood covers territory formerly belonging to defendant. Upon its organization, an equitable division of assets and liabilities of the old district township of Lyon, was made, in the manner required by law, between it and the new district. The directors of the two district townships met and ascertained that the liabilities of defendant to Larchwood district township were $1810.03. It was thereupon agreed that this indebtedness should be discharged by the payment of $210.03 in cash, and the balance, $1600, should be paid by orders on the treasury of defendant, at 75 cents on the dollar, the amount of the orders to be issued being $2,133.33. The orders in this suit, amounting to $1000, were issued pursuant to this agreement. Upon this state of facts the Circuit Court rendered judgment for 75 cents on the dollar of the amount of the orders sued on, with interest, being $800.43. The plaintiffs appeal.

*R. J. Chase* and *J. T. Barclay*, for appellants.

*Mark W. Bailey*, for appellee.

Eastman, Bovee & Co. v. The District Township of Lyon.

BECK, J.—I. The law involved in this case is settled in *Clark v. The City of Des Moines*, 19 Iowa, 200. In that case a judgment was rendered against the defendant which, upon a settlement and agreement between the creditor and city council, was discharged upon payment of city warrants at the rate and value of .75 cents on the dollar. It was held, the defense that the warrants were issued without authority or in excess of the authority of the city council could be set up against a *bona fide* assignee thereof, and the paper, being issued for a sum in excess of the amount actually due—$100 being issued for $75 due—was *prima facie* usurious.

1. SCHOOL district: warrants: assignment.

II. Counsel for plaintiffs do not deny that the orders in the hands of good faith holders are subject to the defense based upon the fact that they were issued for a sum in excess of the amount actually due. But they insist that, as to such defense they are not within the rule of *Clark v. The City of Des Moines*.

2. ———: ———: issued in excess.

III. It is first insisted that the amount which defendant was found to be indebted to the district township of Larchwood was fixed by the tribunal, composed of the electors of both districts, created by law for the adjudication of such questions, and the action of that tribunal cannot now be questioned. This may all be admitted. But the record shows that the amount of the warrants and the rate of discount to be allowed thereon was not a matter adjudicated by this tribunal, but was settled by the agreement of the directors of the respective townships.

IV. It is next urged that the agreement of the parties for the settlement of their respective claims, and that agreement having been carried out by the issue and receipt of the orders, the transfer of the property involved in the settlement and the acquisition of the paper by those parties, will validate the orders. But it must be kept in mind that by the agreement a debt of $1600 was paid by orders to the amount of $2133.33. The officers of defendant, it is true, assented thereto, and treated the paper as valid. This is precisely the case of *Clark v. The City of Des Moines;* the city council

agreed to pay the amount of the warrants issued in satisfaction of the judgment, and upon the action of the council the warrants were issued. But in this they exceeded their authority, and the paper, as to its amount in excess of the real debt, was held void. The case before us, being not different in facts, falls within the operation of the same rules and principles.

AFFIRMED.